IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**Diana Douglas,**

**Plaintiff,**

**v.**

**Trimble Inc.,**

**Defendant.**

## COMPLAINT AND JURY DEMAND

Plaintiff Diana Douglas ("Douglas" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Trimble Inc., ("Trimble" or "Defendant") and states as follows:

### I. PARTIES

1. Plaintiff Diana Douglas ("Douglas") is an individual citizen and resident of Colorado. All the events and transactions upon which this suit is based occurred in the State of Colorado.

2. Defendant Trimble Inc., ("Trimble" or "Defendant") is a California corporation doing business in the State of Colorado. At all relevant times, Trimble was an "employer" as defined by the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §630, as amended.

### II. JURISDICTION

3. Jurisdiction is asserted pursuant to the ADEA, 29 U.S.C. § 623, et seq. Subject matter jurisdiction is proper in this venue pursuant to 28 U.S .C. §§ 1331, 1332, and 1343, in that this action arises under federal law and is between citizens of different States. This Court has

personal jurisdiction over Defendant pursuant to C.R.S. §13-1-124, because Defendant transacts business in the State of Colorado.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), because the unlawful employment practices alleged herein were committed within the State of Colorado.

### III. ADMINISTRATIVE HISTORY

5. Plaintiff has timely and properly exhausted her administrative remedies by filing an Initial Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 541-2019-03514, on or about October 8, 2019, based upon grounds of age discrimination, and retaliation.

6. This lawsuit is timely filed within 90 days after Plaintiff's receipt of a Notice of Right to Sue from the EEOC dated December 3, 2020.

### IV. FACTUAL ALLEGATIONS

1. Plaintiff incorporates by reference her prior allegations.

2. Plaintiff was hired on or about September 2, 2014 as a Sales Operation Manager.

3. During her employment, Plaintiff was responsible for managing a staff of six (6) employees.

4. Plaintiff has a Bachelor's degree and over twenty-five years of experience in Sales Operations.

5. In or around August 2019, a promotion to a Senior Management position for Director of Sales Operations became available.

6. Plaintiff interviewed with Jon Fingland, General Manager, for the position.

7. On or about August 30, 2019, Plaintiff sent an email to Mr. Fingland, to reaffirm her interest in the position.

8. Mr. Fingland replied that Plaintiff "certainly" had a "track record and a great team."

9. Plaintiff applied for the position along with three other candidates.

10. Although Plaintiff interviewed for the position, she was not offered an interview with the Hiring Manager, Paul Cardosi.

11. Plaintiff was advised by the Human Resources Manager, Melissa Uribes, that the hiring manager wanted to keep the interview process unbiased. Regardless, the three other candidates worked directly with the hiring manager.

12. The two finalists, one male and one female, each had less than four years of Sales Operations experience.

13. Both finalists were also considerably younger than Plaintiff and had significantly less experience in Sales Operations, Sales Compensation and Sales Incentive Plans, which were key components of this new role.

14. Plaintiff asked Ms. Uribes why she was not selected for the position despite Plaintiff's extensive knowledge and experience in the field. Plaintiff was told by Ms. Uribes that she was "unqualified."

15. On or about September 17, 2019, Plaintiff was told her position no longer existed and that she was "no longer needed."

16. Plaintiff was officially terminated on September 20th, 2019.

## FIRST CAUSE OF ACTION
### (Age Discrimination under the ADEA)

17. Plaintiff incorporates by reference all of her prior allegations as if fully stated herein.

18. Plaintiff's age was a determining factor in Defendant's termination of her employment.

19. But for her age (over 60 years old) Plaintiff would not have been terminated.

20. Any reason(s) proffered by Defendant for terminating Plaintiff are pretextual.

21. Defendant acted willfully since it knew or should have known that its conduct was prohibited by the ADEA.

22. As a direct and proximate result of Defendant discriminatory actions, Plaintiff has suffered loss of income and benefits, including without limitation front and back pay. Because Defendant's actions were knowing and willful, Plaintiff is entitled to liquidated damages.

## SECOND CAUSE OF ACTION
### (Retaliation)

23. Plaintiff incorporates by reference all her prior allegations.

24. Defendant's conduct in subjecting Plaintiff to the above-described adverse employment actions is in violation of §704 of Title VII, 42 U.S.C §2000e-3(a).

25. The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

26. These statutory violations were intentional.

27. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's federally protected rights.

28. As a result of the actions of Defendant, Plaintiff suffered damages.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

WHEREFORE, Plaintiff Diana Douglas prays for judgment against Defendant in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, and for such other and further relief as provided by statute and that the Court may deem proper.

DATED this 22nd day of February, 2021.

Respectfully submitted,

*/s/ Sara A. Green*
Sara A. Green, Esq.
BACHUS & SCHANKER, LLC
101 W. Colfax Ave., Suite 650
Denver, Colorado 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Sara.green@coloradolaw.net